UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ARSHAK REZVANI, et al.,

    *Plaintiffs*,

v.

MARCO RUBIO, Secretary of State, et al.,

    *Defendants*.

Civil Action No. 1:24-cv-03381 (CJN)

## ORDER

Plaintiffs are eight Iranian nationals whose applications for nonimmigrant visas were refused pursuant to INA Section 221(g) and then placed into "administrative processing."[1] ECF No. 1 (Compl.) ¶¶ 2, 4. That status reflects that, although the visa application has been "officially refused," "th[e] refusal may (or may not) be overcome with new information at a later date." *Karimova v. Abate*, 2024 WL 3517852, at *2 (D.C. Cir. 2024) (per curiam) (citing 9 Foreign Affairs Manual ("FAM") § 306.2-2(A)(a)). "[K]eeping the door open in administrative processing can only benefit, never hurt, [an] applicant's entry prospects." *Id.* But plaintiffs here allege that the indefinite nature of administrative processing means that the government has unreasonably delayed in conclusively adjudicating their visa applications, and so seek an order compelling such an adjudication. Compl. ¶¶ 4–7.

It is true that, when a visa applicant "execute[s]" his application "by bringing the required paperwork to an in-person interview with a consular officer," "the consular officer—by

---

[1] Plaintiffs initially filed suit as a group of fourteen, *see* Compl. ¶ 1, but six plaintiffs later voluntarily dismissed their claims pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i). *See* ECF Nos. 8, 10, 13.

1

regulation—*must* issue or refuse the visa."[2]  *Karimova*, 2024 WL 3517852, at *1 (citing 9 FAM § 504.1-3(a), (g); 22 C.F.R. § 42.81(a)) (quotation marks omitted).  But as the Court of Appeals recently explained, a visa applicant whose application is refused and then placed into administrative processing has still "received the 'refused' decision that the law expressly authorizes as one of the allowed actions on a visa application."  *Id.* at *4 (citing 22 C.F.R. § 42.81; 8 U.S.C. § 1201(g)).  Plaintiffs thus cannot show that defendants "failed to take a discrete agency action that [they were] required to take," as required for injunctive relief under either the APA or the Mandamus Act.  *Id.* at *1.

Plaintiffs argue that the Court of Appeals' (unpublished) decision in *Karimova* is not on point because, whereas the plaintiff there relied on "*only* Section 555(b)" of the APA "as the source of the consular officer's alleged duty to act," *id.* at *3, plaintiffs here have "invoked more specific legal authorities . . . , including 22 C.F.R. § 42.81 and 8 U.S.C. §§ 1201, 1153."[3]  ECF No. 12 (Opp.) at 11.  But plaintiffs miss the broader thrust of *Karimova*, which is that an INA § 221(g) refusal followed by administrative processing *is* a refusal.  *See Karimova*, 2024 WL 3517852, at *4 (citing 22 C.F.R. § 42.81; 8 U.S.C. § 1201(g)).  It is thus not clear how, under the persuasive logic of *Karimova*, any provision of law requiring that visas be either issued or refused, *see* 8 U.S.C. § 1201(g), 22 C.F.R. §§ 41.121(a), 42.81(a), or otherwise mandating "agency action," *see*

---

[2] Upon order of the Secretary of State, consular officers may also "'discontinue granting immigrant visas' from specified countries during certain diplomatic disputes."  *Karimova*, 2024 WL 3517852, at *1 n.2 (quoting 8 U.S.C. § 1253(d)); *see also* 22 C.F.R. § 42.81(a).  No such order is at issue in this case.

[3] The Court need not decide whether *Karimova* is technically binding on it.  At minimum, it offers persuasive authority that the Court opts to follow in this case.  *See, e.g.*, *Ibrahim v. Blinken*, 2024 WL 4490286, at *3 (D.D.C. 2024) (denying preliminary injunction partially in light of *Karimova*) ("Plaintiffs have not explained why they are likely to succeed on the merits of their claim given that a unanimous decision of the D.C. Circuit, unpublished or not, would suggest otherwise.").

5 U.S.C. § 706(1), could remain unsatisfied by the § 221(g) refusals that plaintiffs received.[4]  *See, e.g.*, *Ibrahim v. Spera*, 2024 WL 4103702, at *3 (D.D.C. 2024) (rejecting argument that *Karimova* is "confined to the issue of whether the APA alone created a duty for the Department of State to complete administrative processing" because "one cannot read *Karimova* as saying anything other than a 221(g) refusal and placement in administrative processing *was* a conclusion").  "Similarly, to the extent that the State Department's collection of fees under 22 C.F.R. § 41.107 creates a duty to complete the corresponding service, the consular officer did so by issuing the refusal decision." *Hemmat v. Blinken*, 2024 WL 4210658, at *4 (D.D.C. 2024).  And insofar as plaintiffs seek to rely on various other immigration-related regulations or statutes, such as those requiring consular officers to process certain application forms "in accordance with applicable regulations" or to allocate visas to certain demographic groups in certain amounts, *see* 22 C.F.R. § 41.106, 8 U.S.C. § 1153, plaintiffs do not explain how those discrete provisions impose a clear duty on any consular officer to "not put an officially refused visa application in administrative processing." *Karimova*, 2024 WL 3517852, at *3.

The government further argues that, because plaintiffs have received the visa refusals to which the law entitles them, their claims also fail under the consular non-reviewability doctrine. ECF No. 9 (Mot.) at 14.  That "longstanding principle" provides that, when a consular officer decides "to admit or [] exclude" a noncitizen, his decision is "immune from judicial inquiry or

---

[4] Plaintiffs also purport to assert a claim under 5 U.S.C. §§ 706(2)(A) and (D) to "set aside agency action" that is arbitrary and capricious or taken "without observance of procedure required by law." *See id.*; Compl. ¶¶ 228–33; Opp. at 16.  But "[w]hen . . . review is sought . . . under the general review provisions of the APA, the 'agency action' in question must be 'final agency action.'" *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 882 (1990) (citing 5 U.S.C. § 704).  Here, by contrast, plaintiffs' theory of the case is that they improperly received "non-final refusals" of their visa applications. Compl. ¶ 2.  As such, plaintiffs fail to allege a crucial element of a § 706(2) claim. *See, e.g.*, *Dalmar v. Blinken*, 2024 WL 3967289, at *6 (D.D.C. 2024) (dismissing claim on same basis).

3

interference" unless Congress specifically provides otherwise. *Dep't of State v. Munoz*, 602 U.S. 899, 907–08, 915 (2024). The Court agrees that, under *Karimova*'s logic that a refusal followed by administrative processing is itself a decision of exclusion, the consular non-reviewability doctrine would likely apply. *See Karimova*, 2024 WL 3517852, at *6 (describing the plaintiff as seeking "yet another 'final decision' on her already-refused visa application"); *see also Motevali v. Blinken*, 2024 WL3580937, at *4 (D.D.C. 2024) (observing that *Karimova* "casts doubt on" "prior decisions [by courts in this district] rejecting the government's reliance on the consular non-reviewability doctrine in cases [involving visa applications subject to administrative processing after Section 221(g) refusals]"). But because *Karimova* expressly declined to decide whether the "principle of nonreviewability" would apply in a case that "purports to challenge the timing rather than the content of a consular visa decision," 2024 WL 3517842 at *6, the Court sees no need to do so here either. It will instead dismiss this suit because, as discussed above, plaintiffs have not demonstrated that defendants have a duty to take any further action with respect to their visa applications.[5]

Accordingly, it is hereby

**ORDERED** that the government's Motion to Dismiss, ECF No. 9, is **GRANTED**; and it is further

**ORDERED** that the claims of plaintiff Mehdi Jahanbakhshi are **DISMISSED AS MOOT**; and it is further

---

[5] In addition, the application of one plaintiff, Mehdi Jahanbakhshi, has now been re-adjudicated and denied pursuant to 8 U.S.C. § 1184(b). ECF No. 9-1 (Peterson Decl.) ¶ 15. Since Jahanbakhshi has received the conclusive adjudication of his visa application that he sought, there is no meaningful relief the Court could grant him—even if it had not determined that a refusal followed by administrative processing is itself a legally permissible outcome. The Court will thus dismiss Jahanbakhshi's claims as moot. *See Sayad v. United States Dep't of Homeland Sec.*, 2022 WL 4130840, at *2 (D.D.C. 2022).

**ORDERED** that the claims of the remaining plaintiffs are **DISMISSED WITH PREJUDICE**.

The Clerk of Court is directed to terminate this case.

DATE: May 5, 2025

_____
CARL J. NICHOLS
United States District Judge